May 10, 2013



STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
155 N Main St., Edwardsville, IL  62025
(618) 296-4464
madisoncountycircuitclerkIL.org

CASE No.  2013 L  000733

DATE: May 10, 2013

MARIE ODOM-GREEN

                    PLAINTIFF

VS.

WAL MART STORES INC DBA WAL MART SUPERCENTER

                    DEFENDANT

DEFENDANT:  WAL MART STORES INC DBA WAL MART SUPERCENTER

    You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Madison County Circuit Clerk, within 30 days after service of this summons, exclusive of the day of service.  If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so endorsed.

    This summons may not be served later than 30 days after its date.

    MARK VON NIDA the Clerk of said Circuit Court and the seal thereof, at Edwardsville, Illinois, this May 10, 2013 .



                    MARK VON NIDA
                    CLERK OF THE CIRCUIT COURT

                    BY:_____
                    Deputy Clerk

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
MICHAEL P. GLISSON
WILLIAMSON WEBSTER FALB & GLISSON
603 HENRY ST
ALTON, IL 62002-3633

Date of Service:_____, 20_____:
(To be inserted by officer on the copy left with the defendant or other person)

                           1 of 2

**The Madison County Court makes every effort to comply with accessibility laws and provides reasonable accommodations to persons with disabilities.  Hearing, visual and other assistance may be arranged by contacting our Court Disability Coordinator, Teri Picchioldi at 618-296-4884.**

CASE No. 2013 L 000733

STATE OF ILLINOIS }
MADISON COUNTY   } ss.

I, _____, Sheriff of said county, have duly served the within summons on the defendant _____ by leaving a copy thereof with said defendant personally, on the _____ day of _____, 20____.

===

I have duly served the said summons on the defendant, _____
on the _____ day of _____, 20_____, by leaving a copy of
said summons on said date at his/her usual place of abode with _____ _____, a person of the
family of said _____ of the age of 13 years or upwards and by informing such persons with whom
said summons was left of the contents thereof and by also sending a copy of said summons on the _____ day of _____,
20_____, in a sealed envelope, with postage fully prepaid, addressed to said defendant
_____, at his/her usual place of abode, as stated hereinabove in my return.


Dated this _____ day of _____, 20_____.


_____                                                    Sheriff
_____

                    Sheriff's Fees

                    Service...............$_____

                    Making Copies..........$_____

                    Miles Traveled..$_____

                    Cost of mailing copies  $_____

                    Return.................$_____

                    Total..................$_____


MARIE ODOM-GREEN

                         PLAINTIFF

    VS.

WAL MART STORES INC DBA WAL MART SUPERCENTER



                         DEFENDANT

May 10, 2013

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
155 N Main St., Edwardsville, IL 62025
(618) 296-4464
madisoncountycircuitclerkIL.com

CASE No. 2013 L 000733

DATE: May 10, 2013

MARIE ODOM-GREEN

              PLAINTIFF

VS.

MATT GEHRS

              DEFENDANT

DEFENDANT:  MATT GEHRS

    You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Madison County Circuit Clerk, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

    This summons may not be served later than 30 days after its date.

    Witness: MARK VON NIDA the Clerk of said Circuit Court and the seal thereof, at Edwardsville, Illinois, this May 10, 2013 .

MARK VON NIDA
CLERK OF THE CIRCUIT COURT

BY: _____
        Deputy Clerk

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
MICHAEL P. GLISSON
WILLIAMSON WEBSTER FALB & GLISSON
603 HENRY ST
ALTON, IL 62002-3633

Date of Service:  _5 – 20 –_ 20_13_ .
(To be inserted by officer on the copy left with the defendant or other person)

**The Madison County Court makes every effort to comply with accessibility laws and provides reasonable accommodations to persons with disabilities. Hearing, visual and other assistance may be arranged by contacting our Court Disability Coordinator, Teri Picchioldi at 618-296-4884.**

IN THE CIRCUIT COURT FOR THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

MARIE ODOM-GREEN, )
)
    Plaintiff )
)
V. )   Case No. BL 733
)
WAL-MART STORES, INC., )
d/b/a WAL-MART SUPERCENTER, )
and MATT GEHRS, )
)
    Defendants )

**F I L E D**

MAY 1 0 2013

CLERK OF CIRCUIT COURT #6
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

**COMPLAINT**

Now comes Plaintiff, MARIE ODOM-GREEN, by and through her attorneys of record,

WILLIAMSON, WEBSTER, FALB & GLISSON, and for her cause of action against the

Defendants, states as follows:

**COUNT I**
**DEFENDANT WAL-MART STORES, INC., d/b/a WAL-MART SUPERCENTER**

1. That on or around May 23, 2012, and at all times hereinafter mentioned, Defendant

Wal-Mart Stores, Inc. owned and operated a retail store, commonly known as "Wal-Mart"

located at 1040 Collinsville Crossing Blvd., in the City of Collinsville, County of Madison, in the

State of Illinois.

2. That at said time and place, Defendant Wal-Mart Stores, Inc. invited and allowed its

customers onto the premises for the purposes of shopping and other business.

3. That at said time and place, Defendant Wal-Mart Stores, Inc. maintained the aisles and

walkways of the store where customers were invited to do business.

4. That at said time and place, Defendant Matt Gehrs, was and currently is an Illinois

resident, was an employee of Defendant Wal-Mart and was the store manager for the Walmart in question; further, that he was present at the time of the incident alleged herein.

5. That at all times mentioned herein, Defendant Matt Gehrs was in charge of maintenance of the store and of the area in question.

6. That at said time and place, Plaintiff was and currently is a resident of the State of Illinois, and a customer of Defendant and was invited onto the premises for the purpose of shopping.

7. That about 15 minutes prior to the incident, a Wal-Mart employee became aware of a slippery substance in the check-out lane, and called for assistance in cleaning up the area, but did not put up warning cones or protect patrons from falling in violation of Wal-Mart's clean-up procedures and policies.

8. That prior to the incident, the same employee continued to check out customers even though said employee was aware that the floor was wet and slippery and was a danger to customers.

9. That at said time and place, Plaintiff was in the check-out lane, when she slipped and fell on said slippery substance at issue.

10. That Defendant Matt Gehrs was present, but failed to address the spill in a timely fashion, even though he knew or should have known about the spill pursuant to Wal-Mart policy.

11. That at said time and place, it was the duty of the Defendant Wal-Mart Stores, Inc. to use ordinary care to keep and maintain the premises of the store, including its check-out lanes, walkways and other areas of the store, reasonably safe as not to be dangerous.

12. That the Defendant, Wal-Mart Stores, Inc., by and through its employees, agents

and/or servants, prior to and at the time of the injurious occurrence hereinafter mentioned, was negligent in one or more of the following respects:

      (a)    Failed to properly maintain its check-out lanes and walkways for its customers;

      (b)    Failed to have routine and proper inspections of the check-out lane and walkway;

      (c)    Failed to warn Plaintiff and other persons of the dangerous condition in the check-out lane; and

      (d)    Failed to place a warning sign, place a cone, or other means of suitable protection in the area where Plaintiff fell.

13.  As a direct and proximate result of the aforesaid negligence of Defendant Wal-Mart Stores, Inc., by and through its agents, employees, and/or servants, when Plaintiff was walking, she slipped and fell with great force and violence, thereby greatly injuring herself as alleged herein.

14.  That prior to the incident, the check out aisle attendant called for clean up, but the area was not cleaned up in a timely fashion.

15.  That the dangerous condition of the area was unknown to Plaintiff.

16.  That the dangerous condition of the area was in no way open and obvious to Plaintiff.

17.  That Plaintiff did not misuse the premises in any way.

18.  That the dangerous condition was one in which the Defendant Wal-Mart Stores, Inc. knew or should have known existed.

19.  That the incident is on video, and Wal-Mart has admitted responsibility for the incident.

20.  By reason of the premises, Plaintiff then and there sustained severe and permanent

injuries, including an injury to her right knee, which required surgery, left shoulder, neck, low

back, head, and other areas of the body; further, as a result of the injuries so sustained, the

Plaintiff has suffered and will in the future suffer, great physical pain and mental anguish;

further, that as a result of the injuries so sustained, Plaintiff has been and will in the future be

compelled to expend sums of money for medical, hospital, and related expenses; further, as a

result of the injuries so sustained, Plaintiff has incurred lost wages and has and will in the future

be unable to perform her usual activities; Plaintiff has endured disability and loss of a normal

life; and Plaintiff has suffered disfigurement.

     **WHEREFORE,** Plaintiff asks for judgment against the Defendant Wal-Mart Stores, Inc.

in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

## COUNT II
## DEFENDANT MATT GEHRS

     1. That on or around May 23, 2012, and at all times hereinafter mentioned, Defendant

Wal-Mart Stores, Inc. owned and operated a retail store, commonly known as "Wal-Mart"

located at 1040 Collinsville Crossing Blvd., in the City of Collinsville, County of Madison, and

State of Illinois.

     2. That at said time and place, Defendant Wal-Mart Stores, Inc. invited and allowed its

customers onto the premises for the purposes of shopping and other business.

     3. That at said time and place, Defendant Wal-Mart Stores, Inc. maintained the aisles and

walkways of the store where customers were invited to do business.

     4. That at said time and place, Defendant Matt Gehrs, then and currently an Illinois

resident, was an employee of Defendant Wal-Mart and was the store manager for the Walmart in question; further, that he was present at the time of the incident alleged herein.

5. That at all times mentioned herein, Defendant Matt Gehrs was in charge of maintenance of the store and of the area in question, a

6. That at said time and place, Plaintiff was and currently is a resident of the State of Illinois, and a customer of Defendant and was invited onto the premises for the purpose of shopping.

7. That about 15 minutes prior to the incident, a Wal-Mart employee became aware of a slippery substance in the check-out lane, and called for assistance in cleaning up the area, but did not put up warning cones or protect patrons from falling in violation of Wal-Mart's clean-up procedures and policies.

8. That prior to the incident, the same employee continued to check out customers even though said employee was aware that the floor was wet and slippery and was a danger to customers.

9. That at said time and place, Plaintiff was in the check-out lane, when she slipped and fell on said slippery substance at issue.

10. That Defendant Matt Gehrs was a supervisor of the employee that saw the spill and requested assistance for clean up.

11. That Defendant Matt Gehrs was present, but failed to address the spill in a timely fashion, even though he knew or should have known about the spill pursuant to Wal-Mart policy.

12. That at said time and place, it was the duty of the Defendant Matt Gehrs to use ordinary care to keep and maintain the premises of the store, including its check-out lanes,

Page 5 of 8

walkways and other areas of the store, reasonably safe as not to be dangerous.

13. That the Defendant, Matt Gehrs prior to and at the time of the injurious occurrence

hereinafter mentioned, was negligent in one or more of the following respects:

        (a)    Failed to enforce Wal-Mart clean up policies;

        (b)    Failed to properly train Wal-Mart employees on its clean up policies and procedures;

        (c)    Failed to clean up the spill in a timely fashion despite notice of the same; and

        (d)    Failed to place a warning sign, place a cone, or other means of suitable protection in the area where Plaintiff fell.

14. As a direct and proximate result of the aforesaid negligence of Defendant Matt

Gehrs, when Plaintiff was walking, she slipped and fell with great force and violence, thereby

greatly injuring herself as alleged herein.

15. That prior to the incident, the check out aisle attendant called for clean up, but the

area was not cleaned up in a timely fashion.

16. That the dangerous condition of the area was unknown to Plaintiff.

17. That the dangerous condition of the area was in no way open and obvious to Plaintiff.

18. That Plaintiff did not misuse the premises in any way.

19. That the dangerous condition was one in which the Defendant Matt Gehrs knew or

should have known existed.

20. That the incident is on video, and Wal-Mart has admitted responsibility for the

incident.

21. By reason of the premises, Plaintiff then and there sustained severe and permanent

Page 6 of 8

injuries, including an injury to her right knee, which required surgery, left shoulder, neck, low back, head, and other areas of the body; further, as a result of the injuries so sustained, the Plaintiff has suffered and will in the future suffer, great physical pain and mental anguish; further, that as a result of the injuries so sustained, Plaintiff has been and will in the future be compelled to expend sums of money for medical, hospital, and related expenses; further, as a result of the injuries so sustained, Plaintiff has incurred lost wages and has and will in the future be unable to perform her usual activities; Plaintiff has endured disability and loss of a normal life; and Plaintiff has suffered disfigurement.

**WHEREFORE,** Plaintiff asks for judgment against the Defendant Matt Gehrs in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

**MARIE ODOM-GREEN,** Plaintiff

By_____

MICHAEL P. GLISSON, #6237172
Williamson, Webster, Falb & Glisson
603 Henry Street
Alton, IL 62002
(618) 462-1077
(618) 462-1080 FAX

IN THE CIRCUIT COURT FOR THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| MARIE ODOM-GREEN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| V. | ) Case No. |
| | ) |
| WAL-MART STORES, INC., | ) |
| d/b/a WAL-MART SUPERCENTER, | ) |
| and MATT GEHRS, | ) |
| | ) |
| Defendants | ) |

FILED

MAY 1 0 2013

CLERK OF CIRCUIT COURT #6
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

## AFFIDAVIT REGARDING DAMAGES SOUGHT

I, MICHAEL P. GLISSON, attorney for Plaintiff, hereby states under oath the following:

1. That the total of money damages sought in this case, at this point, is in excess of Fifty Thousand Dollars ($50,000.00).

2. That this Affidavit is pursuant to Supreme Court Rule 222(b).

MARIE ODOM-GREEN, Plaintiff

BY: _____

MICHAEL P. GLISSON, #6237172
Williamson, Webster, Falb & Glisson
603 Henry Street
Alton, IL 62002
(618) 462-1077
(618) 462-1080 FAX