IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARIE ODOM-GREEN

Plaintiff,

v.                                                                No. 13-00631-DRH

WAL-MART STORES, INC.,
d/b/a WAL-MART SUPERCENTER
and MATT GEHRS,

Defendants.

MEMORANDUM and ORDER

HERNDON, Chief Judge:

### I. Introduction and Background

Pending before the Court is plaintiff's motion to remand (Doc. 9). Defendants filed a joint response (Doc. 13). Also pending before the Court is a motion to dismiss Count II against defendant Matt Gehrs (Doc. 6). Based on the following, the Court denies the motion to remand and grants the motion to dismiss Count II against defendant Matt Gehrs.

On May 10, 2013, Marie Odom-Green filed a two-count complaint against Wal-Mart and Matt Gehrs in the Madison County, Illinois Circuit Court (Doc. 2-3). This case arises out of slip and fall that plaintiff sustained at a Wal-Mart store in Collinsville, Illinois on May 23, 2012. The complaint alleges that at the time of the accident Ghers was the manager of the store and present at the store. On June 28,

2013, defendants removed the case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332, contending that defendant Gehrs is fraudulently joined and that his citizenship should be disregarded. Thereafter, plaintiffs moved to remand arguing that Ghers is not fraudulently joined, thus, this Court lacks subject matter jurisdiction over this case.

## II. Analysis

The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand. *See Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). The party seeking removal has the burden of establishing federal jurisdiction. *Id.* "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id.* Put another way, there is a strong presumption in favor of remand. *See Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir. 1976).

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy which exceeds $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). Here, the problem is that plaintiff and defendant Gehrs are citizens of Illinois.1 Therefore, unless Gehrs

---

1. Wal-Mart is a citizen of Delaware and Arkansas.

citizenship is disregarded, the Court does not have subject matter jurisdiction over plaintiff's claims.

A plaintiff may not sue a non-diverse "defendant solely for the purpose of defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Auto. Ins. Co.,* 174 F.3d 875, 878 (7th Cir.1999) (*citing Gottlieb v. Westin Hotel,* 990 F.2d 323, 327 (7th Cir. 1993)). "Such joinder is considered fraudulent, and is therefore disregarded, if the [diverse] defendant can show there exists no 'reasonable possibility that a state court would rule against the [non-diverse] defendant.' " *Schwartz,* 174 F.3d at 878 (*quoting Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992)); *see also Morris v. Nuzzo,* 718 F.3d 660, 671 n. 5 (7th Cir. 2013) ("We stick exclusively to our own 'any reasonable possibility' test in this opinion...."). A defendant "bear[s] a heavy burden to establish fraudulent joinder," and courts must "resolv[e] all issues of fact and law in favor of the plaintiff." *Poulos,* 959 F.2d at 73. The Seventh Circuit has suggested that this "burden is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 764 (7th Cir. 2009).

Here, plaintiff maintains that defendants have not met the burden of establishing no reasonable possibility that a state court would rule against Gehrs. She argues that the allegations in her complaint state a viable cause of action against Gehrs as the store manager. Defendants contend that plaintiff cannot sue

the store manager as a defendant in a lawsuit when the store manager was not even at the store at the time of incident and that he did not train or have a duty to supervise employees present in area of the spill. In support of these contentions, defendants submit an affidavit from Gehrs stating that he was not working at the time of the accident; that he was not at the store at the time of the incident and that he did not train the employees that failed to clean up the spill on the floor (Doc. 13-1). Further, Gehrs' affidavit states that he did not have the responsibility to supervise the conduct of employees at the store when he was not at the store. *Id*.

Based on the facts, Gehrs' affidavit and the applicable case law, the Court agrees with defendants and finds that Gehrs is fraudulently joined in this action. Plaintiff's complaint alleges that a Wal-Mart employee other than Gehrs "became aware of a slippery substance in the check-out lane, and called for assistance in cleaning up the area, but did not put up warning cones or protect the patrons from falling…" and that "the same employee continued to check out customers even though said employee was aware that the floor was wet and slippery and was a danger to customers." (Doc. 2-3 ¶¶ 7-8). A store manager, as an agent, cannot be held liable for a customer's injuries unless the agent is an active tortfeasor. *Northrop v. Lopatka*, 610 N.E.2d 806, 810 (Ill. App. 1993) (the common law does not impose strict liability on an employee who is merely the supervisor, but not the employer, of the employee who commits the tort such that an agent cannot be held responsible for the negligence of another agent unless he is guilty of fraud or gross

negligence in the selection of such other agent or improperly cooperated with him in his acts or omissions). Based on the facts of the case, the Court finds that plaintiff cannot state a cause of action against Gehrs. The complaint fails to allege any facts establishing that Gehrs committed the tort alleged or was otherwise an "active tortfeasor" with regard to the alleged incident. Thus, the Court concludes that Gehrs is fraudulently joined and must be dismissed with prejudice from this case. Further, the Court finds that it has subject matter jurisdiction over this case.

### III. Conclusion

Accordingly, the Court **DENIES** plaintiff's motion to remand (Doc. 9) and **GRANTS** defendant Gehrs' motion to dismiss Count II (Doc. 6). The Court **DISMISSES with prejudice** Count II and Gehrs from this case.

**IT IS SO ORDERED.**

Signed this 8th day of November, 2013.

David R. Herndon
2013.11.08
14:24:54 -06'00'

**Chief Judge**
**United States District Court**